UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN C. FONSECA,<br><br>    Petitioner,<br><br>    v.<br><br>FIDENCIO N. GUZMAN, Warden,[1]<br><br>    Respondent. | Case No. 22-cv-04812-YGR (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; AND DENYING CERTIFICATE OF APPEALABILITY** |

On August 23, 2022, petitioner, a state prisoner currently incarcerated at Centinela State Prison, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. Thereafter, the Court issued an order to show cause. Dkt. 6.

Before the Court is respondent's motion to dismiss the instant petition on the grounds that that the claim does not state a cognizable basis for federal habeas relief. Dkt. 10. Specifically, respondent argues that habeas corpus is not the proper remedy for petitioner's claim because petitioner has not shown that success in this action will necessarily accelerate his release from prison. *Id.* Even though he was given the opportunity to do so, petitioner has not filed an opposition to the motion.

Having considered all of the papers filed by the parties, the Court GRANTS respondent's motion to dismiss the petition.

**BACKGROUND**

In 2015, a Santa Clara County jury convicted petitioner of kidnapping to commit extortion, kidnapping to commit robbery, torture, assault with a deadly weapon, criminal threats, first degree

---

[1] Fidencio N. Guzman, the current acting warden of the prison where petitioner is incarcerated, has been substituted as respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

robbery, first degree burglary, grand theft from a person, theft or unauthorized use of a vehicle, and arson, with enhancements on multiple counts for personal use of a firearm and great bodily injury. Resp't Ex. A at 2, 13; Resp't Ex. B at 1 n.1. Petitioner was sentenced to, *inter alia*, life without the possibility of parole. Resp't Ex. A at 13.

In 2019, on direct appeal, the California Court of Appeal reversed and remanded petitioner's judgment for resentencing. Resp't Ex. A. On remand, petitioner was again sentenced to a term that included life without the possibility of parole. Resp't Ex. B at 1.

In early 2022, petitioner appealed from his resentencing. Resp't Ex. B. There, he raised the claim he raises in the instant federal petition: that California Penal Code § 3051 violates his right to equal protection because it categorically excludes him from the right to have a youth offender parole hearing. Resp't Ex. B at 1; Dkt. 1 at 5. The California Court of Appeal found no equal protection violation and affirmed the resentencing judgment. Resp't Ex. B at 5-19, 25. The California Supreme Court denied review on June 15, 2022.[2]

On August 23, 2022, petitioner filed the instant federal habeas petition, raising a single claim. Dkt. 1. He contends as follows: "California Penal Code section 3051(h) violates the right to equal protection under the United States Constitution by excluding young adults sentenced to sentences of life without the possibility of parole from eligibility for youth offender parole hearings." *Id.* at 5.

**DISCUSSION**

As mentioned above, petitioner was sentenced in Santa Clara County Superior Court to life without parole ("LWOP"). Resp't Ex. A at 13. He was 21 years old when the crimes were committed.

Senate Bill No. 260 became law in January 2014 and established a parole eligibility mechanism for juvenile offenders. Resp't Ex. B at 5. In part, Senate Bill No. 260 enacted California Penal Code § 3051 which created youth offender parole hearings. *Id.* Under section 3051,

---

[2] The California Supreme Court's official website shows that the state supreme court denied direct review on June 15, 2022. *See People v. Fonseca*, Cal. S. Ct. No. S274328.

> [a] youth offender parole hearing is a hearing by the Board of Parole Hearings for the purpose of reviewing the parole suitability of any prisoner who was 25 years of age or younger, or was under 18 years of age as specified in paragraph (4) of subdivision (b), at the time of the controlling offense.

Cal. Penal Code § 3051(a)(1). Section 3051 requires the Board to conduct a youth offender parole hearing for a prisoner who was 25 years of age or younger at the time of the commission of the controlling offense, either during the 15th, 20th, or 25th year of the youth offender's incarceration depending on the controlling offense. *Id.* § 3051(b). A controlling offense is defined as the offense or enhancement of which the sentencing court imposed the longest term of imprisonment. *Id.* 3051(a)(2)(B). The Legislature has also amended section 3051 to extend youth parole hearings to juveniles serving an LWOP sentence during their 25th year of incarceration. *Id.* § 3051(b)(4). However, despite the Legislature's expansion of eligibility for youth offender parole hearings, section 3051 still excludes several categories of youth offenders. *Id.* § 3051(h). Youth offenders who have been sentenced "pursuant to Section 1170.12, subdivisions (b) to (i), inclusive, of Section 667 [Three Strike offenders] or Section 667.61 [One Strike offenders], or to cases in which an individual is sentenced to life in prison without the possibility of parole for a controlling offense that was committed after the person had attained 18 years of age" are not given the opportunity to have a youth offender parole hearing. *Id.* § 3051(h).

Here, petitioner was sentenced to LWOP for kidnapping to commit extortion, which is the controlling offense that was committed after he had attained 18 years of age. *See id.* Accordingly, the state appellate court noted that he "is categorically ineligible for a youth offender parole hearing under section 3051." Resp't Ex. B at 7.

Petitioner argues that he is entitled to a youth offender parole hearing and that California Penal Code § 3051(h)'s exclusion of youth offenders (those between 18 and 25 years of age) serving life without parole sentences from the youth offender parole process violates the Equal Protection Clause. *See generally* Dkt. No. 1.

Respondent argues that the Court must dismiss this action for lack of habeas corpus jurisdiction because petitioner's claim does not affect the fact or duration of his confinement, stating as follows:

> Here, petitioner challenges only the constitutionality of California Penal Code section 3051(h), under the Equal Protection Clause. Dkt. 1 at 5. As the cases cited *supra* have recognized, even if petitioner received relief on such a claim, it would at most mean that he receives a parole hearing, at which he might or might not be granted parole. Relief would not necessarily result in his release or expedite it.

Dkt. 10 at 5 (citations omitted).

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . .'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). Where a successful challenge to a complaint related to imprisonment will not necessarily shorten the prisoner's sentence, a civil rights action under 42 U.S.C. § 1983 is proper and habeas jurisdiction is absent. *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).

Here, respondent argues that a successful challenge to the constitutionality of California Penal Code § 3051(h) would not affect the fact or length of petitioner's incarceration. Dkt. 10 at 5. This Court agrees. Habeas is not the proper avenue of relief for petitioner's claim. This Court lacks habeas corpus jurisdiction because a favorable judgment would not "necessarily lead to [petitioner's] immediate or earlier release from confinement." *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 645 (2017). *Nettles* held that a prisoner's claim which, if successful, will not necessarily lead to immediate or speedier release from custody falls outside the "core of habeas corpus" and must be pursued (if at all) in a civil rights action under 42 U.S.C. § 1983, rather than in a habeas action. *Id.* at 927-28. *Nettles* makes it clear that federal habeas relief is not available under the circumstances present in petitioner's case. A favorable judgment for petitioner would not necessarily mean immediate release from confinement or a shorter stay in prison. At most, success would entitle petitioner to a parole hearing, at which the parole board may, in its discretion, decline to shorten his prison term.

In an appropriate case a habeas petition may be construed as a section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although the Court may construe a habeas

4

1  petition as a civil rights action, it is not required to do so. Since the time when the *Wilwording*
2  case was decided there have been significant changes in the law. For instance, the filing fee for a
3  habeas petition is five dollars; for civil rights cases, however, the fee is now $402 ($350 if *in*
4  *forma pauperis status* is granted) and under the Prisoner Litigation Reform Act the prisoner is
5  required to pay it, even if granted *in forma pauperis* status, by way of deductions from income to
6  the prisoner's trust account. *See* 28 U.S.C. § 1915(b). Also, a civil rights complaint which is
7  dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28
8  U.S.C. § 1915(g), which is not true for habeas cases. Finally, petitioner is advised that his efforts
9  to exhaust state court remedies may preclude him from litigating the same claims in a civil rights
10 action because state habeas proceedings can have issue or claim preclusive effects on later section
11 1983 actions. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981) (state
12 habeas proceeding precludes identical issue from being relitigated in subsequent section 1983
13 action if state habeas court afforded full and fair opportunity for issue to be heard); *Gonzalez v.*
14 *California Dep't of Corr.*, 739 F.3d 1226, 1230-31 (9th Cir. 2014) (extending rule of *Silverton* to
15 cover claim preclusion as well as issue preclusion).

16 Accordingly, petitioner's challenge should be brought under section 1983, rather than in
17 habeas. *Ramirez*, 334 F.3d at 859. Therefore, respondent's motion to dismiss is GRANTED, and
18 the petition is DISMISSED for lack of jurisdiction. Dkt. 10. This dismissal is without prejudice
19 to bringing his equal protection claim in a civil rights action.

## CONCLUSION

21 For the foregoing reasons, the Court GRANTS respondent's motion to dismiss the petition.
22 Dkt. 10. Petitioner's equal protection claim is DISMISSED because it is not appropriate for
23 federal habeas corpus review. This dismissal is without prejudice to bringing his due process
24 claim in a section 1983 action.

25 Further, a certificate of appealability is DENIED. Petitioner has not shown "that jurists of
26 reason would find it debatable whether the district court was correct in its procedural ruling."
27 *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability
28 from the Ninth Circuit Court of Appeals.

The Clerk of the Court shall terminate all pending motions and close the file.

The Clerk shall also send petitioner a blank civil rights complaint form with his copy of this Order.

The Clerk shall substitute Fidencio N. Guzman as respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

This Order terminates Docket No. 10.

IT IS SO ORDERED.

Dated:   September 5, 2023

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

6